UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANTHONY LYNCH-BEY,

       Petitioner,

                                         CASE NO. 2:07-CV-14666
v.                                    JUDGE DENISE PAGE HOOD
                                         MAGISTRATE JUDGE PAUL J. KOMIVES

HUGH WOLFENBARGER,

       Respondent.
                              /

**REPORT AND RECOMMENDATION**

I.      RECOMMENDATION: The Court should conclude that petitioner was not "in custody" on the prison disciplinary conviction he attacks in this action, and that the Court therefore lacks jurisdiction to consider the petition. Accordingly, the Court should dismiss petitioner's application for the writ of habeas corpus.

II.     REPORT:

A.     *Background*

Petitioner Anthony Lynch-Bey is a state prisoner incarcerated at the Macomb Correctional Facility. Petitioner is currently serving concurrent sentences of life imprisonment and 20-50 years' imprisonment imposed following his state court convictions for second-degree murder and armed robbery. On September 23, 2005, petitioner was issued a major misconduct violation for being out of place, as well as a minor misconduct violation for lying to an employee. The Major Misconduct Report, prepared by Resident Unit Officer Holley, stated:

        On 9-23-05 Lynch #146972 voluntarily walked out of 900 unit with his fez
and other religious items and entered 100 building/visiting room, and attended the
MSTA callout. Lynch was NOT on the 900 callout to attend service, and had no

> staff authorization to attend the service.  When I asked Lynch where his itinerary was, he stated "I threw it in the basket in front of the building".  I asked Lynch if he was talking about the basket right outside 900 unit's front doors, and he stated "yes".  C/O Roslowski and myself checked the basket, and Lynch's itinerary was not there.  Per C/O Bollman, the baskets were not emptied between 0930 and 1030 during service hours.

Major Misconduct Report, dated 9/23/05.

A hearing was held on October 5, 2005, following which petitioner was found guilty with respect to both misconduct violations.  Specifically, with respect to the major misconduct charge, the hearing officer found that petitioner

> went to Muslim religious services without authorization to be there.  CO Holley reports she saw prisoner heading to services with religious items, prisoner admits he was carrying these items across the yard, so the officer's account appears accurate.  CO Roslowski reports prisoner was seen trying to enter the gate to the services, she directed him and others to use other door.  This shows prisoner was at this religious service, he had no authorization to be at control center building or in these services.

Major Misconduct Hr'g Report, dated 10/5/05.  Petitioner was given seven days in toplock as a sanction.  *See id.*

Petitioner sought judicial review of this decision in the Ingham County Circuit Court.  The court affirmed the hearing officer's decision on January 25, 2007.  Petitioner thereafter filed an application for leave to appeal in the Michigan Court of Appeals, raising two claims:

> I.   THE TRIAL COURT CLEARLY ERRED IN FAILING TO CONSIDER ALL THE EVIDENCE ON THE RECORD AND IN ONLY CONSIDERING EVIDENCE WHICH SUPPORTED THE DECISION OF THE MICHIGAN DEPARTMENT OF CORRECTIONS' HEARING OFFICER.  THE HEARING OFFICER'S PATH CANNOT BE DISCERNED REGARDING HOW PETITIONER HAD AN ADEQUATE OPPORTUNITY TO INVESTIGATE THE STATEMENT OF C/O ROSOLOWSKI WHERE THAT STATEMENT WAS MADE AFTER PETITIONER WAS INTERVIEWED BY THE HEARING INVESTIGATOR.  THE HEARING OFFICER'S DECISION AUTHORIZED BY LAW OR RULE AND SUPPORTED BY COMPETENT, MATERIAL AND SUBSTANTIAL EVIDENCE ON THE

>    WHOLE RECORD. PETITIONER HAS NOT BEEN AFFORDED HIS LIMITED PROCEDURAL DUE PROCESS RIGHTS UNDER BOTH STATE AND FEDERAL CONSTITUTIONS AS WELL AS MICHIGAN STATUTE.
>
> II. THE TRIAL COURT'S DECISION PLACES FORM OVER SUBSTANCE. PETITIONER WAS DENIED HS RIGHT TO A FAIR AND IMPARTIAL DECISIONMAKER WHERE THE INMATE HEARING OFFICER'S ACTIONS <u>DISPLAYED</u> PERSONAL BIAS BUT THE EVIDENCE OF PERSONAL BIAS WAS NOT DISCOVERABLE BY PETITIONER UNTIL AFTER THE HEARING. PETITIONER RAISE[D] THE CLAIM OF BIAS AT THE FIRST AVAILABLE OPPORTUNITY. UNDER THE CIRCUMSTANCES DUE PROCESS HAS NOT BEEN SATISFIED.

The court of appeals dismissed the delayed application for leave to appeal based on the existence of an outstanding fee in another appeal brought by petitioner. *See Lynch-Bey v. Department of Corrections*, No. 276798 (Mich. Ct. App. Mar. 29, 2007) (citing MICH. COMP. LAWS § 600.2963(8)). Petitioner sought leave to appeal in the Michigan Supreme Court, raising the same two claims as well as an additional claim that § 600.2963(8) unconstitutionally infringed his right of access to the courts. On April 26, 2007, the Supreme Court issued an order directing petitioner to pay an initial partial filing fee of $5.00. *See Lynch-Bey v. Department of Corrections*, No. 133676 (Mich. Apr. 26, 2007). On June 6, 2007, the court entered an order directing the clerk to close the file based on petitioner's failure to pay the initial partial filing fee. *See Lynch-Bey v. Department of Corrections*, No. 133676 (Mich. June 6, 2007).

     Petitioner filed the instant application for the writ of habeas corpus on October 31, 2007. He contends that the hearing officer's decision was not supported by sufficient evidence, that he was denied due process because he was not given adequate notice of the charges or the opportunity to review the evidence against him, and that the hearing office was biased against him. Respondent filed his answer on April 1, 2008. He contends that petitioner's claims are barred by petitioner's

procedural default in the state courts, and that petitioner's claims are not cognizable on habeas review because they challenge the conditions of his confinement, rather than the fact or duration of his custody. Petitioner filed a reply on May 22, 2008. Because petitioner was not "in custody" with respect to the disciplinary proceeding he attacks at the time he filed his application, the Court should dismiss the petition.

B.     *Analysis*

In order to attack a conviction through habeas corpus, a petitioner must be "in custody" pursuant to that conviction at the time the habeas application is filed. "The federal habeas statute gives the United States district courts jurisdiction to entertain petitions for habeas relief only from persons who are '*in custody* in violation of the Constitution or laws or treaties of the United States.'" *Maleng v. Cook*, 490 U.S. 488, 490 (1989) (per curiam) (quoting 28 U.S.C. § 2241(c)(3)) (emphasis supplied by Court); *see also*, 28 U.S.C. § 2254(a). This requires "that the habeas petitioner be 'in custody' *under the conviction or sentence under attack* at the time his petition is filed." *Maleng*, 490 U.S. at 490; *see also, Carafas v. LaVallee*, 391 U.S. 234, 238 (1968). Here, petitioner challenges his disciplinary "conviction." That conviction resulted in a penalty of seven days in toplock, which was completed well prior to the filing of petitioner's habeas application. Thus, he was not "in custody" on that conviction at the time the habeas petition was filed.

Petitioner argues that he remains in custody because the disciplinary conviction prevented him from earning additional good time credits and may impact whether he is released on parole. These factors, however, do not render petitioner "in custody" on the disciplinary conviction. It is true that the loss of good time credit as punishment for prison disciplinary offenses implicates a liberty interest protected by the Fourteenth Amendment. *See Wolff v. McDonnell*, 418 U.S. 539,

558 (1974). It is also true that "[a] federal constitutional violation in a prison misconduct proceeding that results in the loss of good time credit can only be remedied through a writ of habeas corpus." *Hughes v. Birkett*, 173 Fed. Appx. 448, 449 (6th Cir. 2006) (citing *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973)). Thus, prisoners remains "in custody" pursuant to prison disciplinary conviction if they "allege[] that the deprivation of their good-conduct-time credits was causing or would cause them to be in illegal physical confinement, i.e., that once their conditional-release date had passed, any further detention of them in prison was unlawful." *Preiser*, 411 U.S. at 487. In other words, "in order for this court to have jurisdiction over Petitioner's claim, the loss of good time credit he alleges must result in him being confined for longer than he otherwise would be." *Hughes*, 173 Fed. Appx. at 450.

Here, unlike in *Preiser*, petitioner does not allege that he lost any already-earned good time credits as a sanction for violating prison disciplinary rules, and the hearing decision confirms that he received no such sanction. Rather, he alleges that he lost the opportunity to earn good time credits and that the disciplinary conviction is a factor being used to deny him parole. These future, collateral consequences of his disciplinary conviction are insufficient to satisfy the "in custody" requirement. It is well established that "[t]here is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence." *Greenholtz v. Inmates of Nebraska Penal & Correctional Complex*, 442 U.S. 1, 7 (1979). It is equally well established that a prisoner has no constitutional right to earn, or attempt to earn, good-time credits. *See Hanserd v. Barrett*, 980 F.2d 1059, 1062 (6th Cir. 1992) (citing *Wolff*, 418 U.S. at 557). In order to establish a protected liberty interest, petitioner must show that the disciplinary conviction would ""inevitably" affect the duration of his sentence." *Luken v. Scott*, 71 F.3d 192, 193 (5th Cir. 1992) (per curiam);

*see Hadley v. Holmes*, 341 F.3d 661, 664 (7th Cir. 2003) (per curiam) (where prisoner was "not complaining that any benefit already conferred has been taken away," but only that "his ability to earn discretionary credits in the *future* was hurt," prisoner was not in custody; "§ 1983 must be used where a claim, if decided favorably to the prisoner, at best *might* accelerate the accrual of good time and hasten the prisoner's release."); *Sisk v. CSO Branch*, 974 F.2d 116, 117-18 (9th Cir. 1992) (a "challenge [to] disciplinary procedures having only a speculative or incidental effect on the length of [a prisoner's] sentence" is not "close to the core of habeas corpus."); *Georgevich v. Strauss*, 772 F.2d 1078, 1087 (3d Cir. 1985) (en banc) ("[T]he fact that a prisoner's success in the litigation might increase the chance for early release does not, in itself, transform the action into one for habeas corpus.").

Here, "[a]lthough [petitioner] argues that his stay in segregation, occasioned by his disciplinary conviction, precludes his opportunity to earn sentence reduction credits that would lead to an earlier release, such speculative, collateral consequences are insufficient to create a liberty interest." *Clegg v. Bell*, 3 Fed. Appx. 398, 399 (6th Cir. 2001). Nor are any effects the disciplinary hearing may have on petitioner's suitability for parole sufficient to create a liberty interest, in light of the state officials' discretion in granting or denying parole and the multitude of factors that go into that decision. *See Sandin v. Conner*, 515 U.S. 472, 487 (1995) ("The decision to release a prisoner rests on a myriad of considerations. . . . The chance that a finding of misconduct will alter the balance is simply too attenuated to invoke the procedural guarantees of the Due Process Clause."). And, in the absence of a deprivation of accumulated good-time credit or a protected liberty interest in parole or the accumulation of future good-time credit, "petitioner was not 'in custody' when he filed his petition for a writ of habeas corpus, and this court lacks jurisdiction over his

6

petition." *Hughes*, 173 Fed. Appx. at 451; *see also*, *Martin v. Tambini*, No. 3:07CV3857, 2008 WL 750553, at *2 (N.D. Ohio Mar. 19, 2008) ("Matters that do not have an immediate and direct impact upon the duration of confinement in the same fashion that a loss of good conduct time will are generally considered conditions of confinement."); *Antonelli v. Hastings*, No. 06-CV-283, 2007 WL 1309572, at *4 (E.D. Ky. May 1, 2007) ("[T]he fact that Antonelli's disciplinary convictions may adversely affect his chances of parole at some date in the future does not alter the nature of his claims–they remain claims regarding the conditions of his confinement. . . . Because Antonelli's disciplinary convictions did not result in the loss of good conduct time or otherwise lengthen the term of his confinement, his claims are not cognizable through a petition for habeas corpus[.]")

C.      *Conclusion*

Petitioner's prison disciplinary conviction did not result in the loss of any accumulated good-time credit, and the effects of that conviction in the accumulation of future good time credit or his chances for release on parole are speculative and incidental matters which do not give rise to a protected liberty interest, and petitioner was no longer suffering the sanction imposed as a result of the disciplinary conviction at the time he filed his habeas application. Thus, at the time petitioner filed his habeas application he was no longer "in custody" on the disciplinary conviction which he attacks in this action, and the Court therefore lacks jurisdiction over the petition. Accordingly, the Court should dismiss petitioner's application for the writ of habeas corpus.

III.    NOTICE TO PARTIES REGARDING OBJECTIONS:

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver

7

of any further right of appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *See Willis v. Secretary of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991). *Smith v. Detroit Federation of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than five (5) pages in length unless by motion and order such page limit is extended by the Court. The response shall address specifically, and in the same order raised, each issue contained within the objections.


s/Paul J. Komives
PAUL J. KOMIVES
UNITED STATES MAGISTRATE JUDGE

Dated: 3/23/09

---

The undersigned certifies that a copy of the foregoing order was served on the attorneys of record by electronic means or U.S. Mail on March 23, 2009.

s/Eddrey Butts
Case Manager